Case number 19-4103 Billy Byler et al versus Air Methods Corporation et al. Argument not to exceed 15 minutes per side. Ms. Spallina, you may proceed for the appellant. Thank you. Good afternoon. My name is My name is Katrina Spallina. I represent appellants Billy Byler and Donald Reed. Before I begin, may I reserve up to five minutes for a rebuttal, please? Good afternoon. All right, thank you. May it please the court. Appellants here are injured or sick patients who are transported by defendant Air Method. Appellants have pled valid, implied, in fact, contract claims against Air Methods. The circumstances surrounding the party's relationship here demonstrate a tacit understanding to enter into a contract. Defendants offer life-saving transport. Plaintiffs accept defendants' transport services with the understanding that they have a contractual obligation to pay for those services. Although they know the charge for their services, Air Methods intentionally does not disclose their pricing to the public, foreclosing any opportunity for appellants to negotiate the price term prior to transport. By omitting the price term from their agreement with the plaintiffs, defendants agree to charge plaintiffs a reasonable price for their services to be determined after the services. Defendants only disclose their prices after completing plaintiffs' transport by sending an invoice demanding excessive payment. In doing so, defendants breach their implied, in fact, contract with plaintiffs to charge a reasonable rate for services, entitling plaintiffs to relief under Ohio law. Now, in the alternative, if this court agrees with the district court that no implied, in fact, contract exists between the parties here, then declaratory judgment is appropriate to enjoin Air Methods from attempting to collect their full fee from plaintiff Reed and similarly situated class members. Defendants cannot seek to halt plaintiffs from enforcing an implied, in fact, contract while at the same time collecting the amount of their choosing from plaintiffs without a contract. Counsel, could I ask what the facts are of this case with respect to implied, in fact, contract? Was he conscious at the time or not conscious at the time? Both of the named plaintiffs sustained what was termed as life-threatening injuries. Is that in the complaint? That is in the complaint. Their consciousness level and consciousness, we did not distinguish between conscious and did not plead in the complaint whether at the time they were conscious. So who did the consenting that made this an implicit contract? Well, so to prove the existence of an implied, in fact, contract under Ohio law. I'm not asking a legal question. I'm asking what you allege. We alleged that the party's behavior. What behavior? The fact that the parties were transported. So both plaintiffs were transported and they agreed to pay for services after. How did they convey that by their actions or words or blinking their eyes or having an agent? Was there anything or nothing? So our position here is not so much that the implied contract comes from the existence of consent at the beginning of the engagement. So you're nothing in the complaint that suggests that they actually mentally agreed to a contract. We allege that they consented to a contract. So Ms. Spallini, did they consent to the contract just by the fact of accepting the transport? I mean, whatever contract, whatever happened initially, when they boarded the air ambulance and allowed themselves to be transported 31 or 36 miles from one location to the other, that was the consent to which you refer. Yes, Your Honor. Okay. But I'm not seeing what they did to do that. They could have done that unconsciously, you're saying. They could have done it unconsciously. But one reading of the facts of this case is that this person could have been totally, you're not alleging that he was conscious or that anyone was acting on his behalf. They could have just as easily flown in, seen that he was in need of ambulance services and flown him away. You would say that would be an implied in fact contract. Our position is that the consent and the assent to the implied in fact contracts comes from receiving the services. They receive it when the unconscious person lying on the ground needs it, obviously needs it. So he receives it. Is that enough for an implied in fact contract? Well, then the second part of plaintiff's, of appellant's position is... You don't answer the question. Is that enough or not? Our position is that it's enough when taken under all of the other factual circumstances that suggest an implied in fact contract here. And we would concede that there could be subclasses of people who were conscious and others who were unconscious. But at this stage of the litigation, that has not been determined. But if it makes a difference legally, we need to see what you allege. That's the problem I have. I mean, it sounds like maybe there's an implied in fact contract. But if you just decline to allege anything that suggests there was a meeting of the minds, however implicit, that makes it hard for you, doesn't it? I know that you're doing that for a strategic reason. You want to have the broadest ruling possible and so on. But you may have pleaded your way out of court is what I'm concerned about. Well, and obviously we disagree with that, Your Honor, because meeting of the minds and implied in fact contracts comes from the surrounding circumstances. And it's not just... The circumstances have to suggest that the minds met. Yes. And I think in this instance... You won't even allege something that would allow me to conclude that the minds met. That's tough. And that's where we disagree. Because there can be a meeting of the minds when the plaintiffs acted in a way that they didn't receive the services gratuitously. That they paid for the services after the fact. That they assented to the services. They some... Assented by letting them be taken? Is that the idea? Well, that they participated in the transport. So either emergency... But you don't allege that though, do you? Yeah. I'm sorry. Go ahead and answer him. Then I have a question for you. Yes. So we allege that both Mr. Byler and Mr. Reid were transported by their methods. That says nothing about what they allowed. That could have happened without their allowance. Go ahead. Okay. So I want to go back to Judge Rogers' initial hypothetical that air methods transport someone who is unquestionably unconscious. And you say that we look at all the surrounding circumstances to determine whether there's an implied contract. So in a situation where that person is unconscious at the time of transport, there's no other agent on the scene who consents. Would we be able to look at a person's subsequent interactions with air methods after they have attained consciousness and gotten the bill, whether they start to make some payment or whether they engage in a discussion about payment? Would that be the thing that allows you to get to the implied impact contractors? Otherwise, you're saying that anytime a person, regardless of their state of being, would be transported, they have no capacity to consent or anything else. Sounds like you're saying, okay, implied contract because they were transported. And I want to know, how can that be? Right. So the third district of Ohio has said that to prove the existence of an implied contract, services must be rendered, work performed, or materials furnished by one party to another under such circumstances that the receiving party knew or should have known that such services were rendered with the expectation of being paid on the basis of their reasonable worth. So here in Mr. Byler's instance, he was transported. He received the bill from air methods after his transport, and he paid for his services, both his insurance and Mr. Byler paid personally. I also think a case out of the Northern district of New Jersey, which was cited in the briefs, it's Leslie versus Quest, gives support to the theory that the parties don't need to engage in negotiations before the fact to have an implied impact contract. So in that case, either plaintiffs or their physicians sought laboratory services from and then after the fact charged plaintiffs for what they deemed to be an unreasonably excessive fee. Plaintiffs fled an implied impact contract theory, much like the one here, with the missing price term. The court, the Northern district of New Jersey, found that plaintiffs had sufficiently alleged that they had an implied impact contract with Quest and denied Quest motion for motion to dismiss. Those facts, I see that my time has expired. May I reserve the rest of my time for rebuttal, please? Certainly. Thank you. We'll hear from your opposing counsel. Your mute button. Unmute. Unmuted. Yes. Thank you, Judge. May it please the court. I'm David Corporation and Rocky Mountain Holdings. Just to follow up on what Judge Rogers was asking. It is true that when you look, you have to establish the elements of a contract, you know, in the traditional way. It's just a question of whether you have an express contract or you have an implied contact contract based upon the surrounding circumstances. So here, the surrounding circumstances are for both Mr. Byler and for Mr. Reed. There's no mention in the complaint about the severity of the patient's injuries. There's no mention as to whether the patient is conscious or unconscious. There's no mention as to whether or not the patient has narcotics on board for pain relief, such that the patient does not have the capacity. And there's no mention whatsoever about any interaction whatsoever between the patient and their methods. And so based upon activities at the time of service, there's simply no factual basis to support the notion that there's an implied contract between the parties. And so why are you billing them? Well, that's a very good question. Well, we're billing them because there is still an obligation. So there's lots of different ways that a patient can be held liable for charges. For example, for example, I want to know why you're billing those people. What's your okay. Well, it depends on which person you're talking about. So for example, I'm sorry, it's different for these two. It is. Okay. And I'm gonna I'll answer outside the record if you'd like me to. I want to know what your position is. That's relevant. All right. Yes. Well, for example, and this follows up on what Judge Donald was saying, the patient could after the date of services sign an express contract in the form of an assignment of benefits and a financial responsibility form. In this case, Mr. Byler signed such a form. So we have an express contract with Mr. Byler to be responsible for charges not paid by his insurance company. And so you definitely can have post service activities that can form the basis for for certain and express contract. And those have a price term in them. Well, it says it says shall be responsible for charges up to the amount of charges. And so a million dollars. Well, so yes, I understand your point. It says charges. Now, the fact of the matter is chart in the health care industry, as you may know, charges are charges and they don't change by patient. And here we have a base charge and mileage charge. That is a charge that can be determined objectively, adding the base charge plus the mileage charge. So it's not just a subjective number in the agreement. And so that would be about the other guy. Well, Donald Reed, I don't I do not believe signed an express agreement. And so and so an important point here for ADA preemption, ADA preemption applies to payment. So it may very well be that we have a state law right to payment, but the state law does not dictate the rate. And so in this particular case, it may it may be that, you know, if and when we pursued Mr. Reed in litigation, as many of these courts that have addressed this issue have said at that point in time, Mr. Reed is free to make whatever defense defenses he wants to make. And we're free to argue that we have a right to payment, you know, under what law applies to that. Well, it could be state. It probably would be state law. And it could be either a state law right not to pay more than what's a reasonable charge. Well, there's a state law right to payment. I mean, just because the ADA doesn't preempt every state law, it only preempts state laws in this that relate to rates, rate of payment. It's a rate of payment issue, not a right of payment issue. So it may very well be that we have a state right of payment, but you don't get to impose a state determined rate. So you're saying you have a state law obligation on his part to pay you? Yes. But where does the amount come from? The amount is determined by federal law because of the ADA. Does federal law say you get a certain amount? No, no, the federal law in this particular case deregulates. And so, so the market under the theory of ADA, the market is the driver of the rates. Oh, so you then can charge a million dollars? Well, no, it's subject to, it's subject to regulatory oversight. The DOT has regulatory oversight. Do they say that you can't charge over a million dollars or they say you can? Well, the DOT will respond to patient complaints and address it within their regulatory authority. So what's your, what's your recourse if somebody bills you for excessive amount? Well, if I, if, if I being the air carrier files a suit, a suit against the What do you do then? Uh, if I'm the patient, uh, probably don't pay it for one. And then, but what are their legal recourse? If I, if I go to court, then they have defenses and several courts have said that they're, they're free to argue whatever defense is in a declaratory judgment. Well, the problem with the declaratory judgment aspect of this case is they are seeking a declaratory judgment that the reasonable, that the states get to decide the reasonableness of charges. Has this been certified as a class? It has not, but that's what they're seeking. So at that point, we should just look to see whether an individual declaratory judgment is warranted. Well, that is what the 10th circuit did in the Scarlet case. Okay, so why couldn't they do that here? Well, you certainly could. Uh, and, and so it seemed like this was to me, it just seemed like a classic declaratory judgment. They're dunning you for a ton of money. You don't think you have to pay. So you assume to say, Hey, they don't, I don't know the money. Well, it is, it is easier to accept that notion if you're talking about individuals. And so for example, then you object to, then you object to the class certification. Well, that's exactly right. Businesses, individual cases thrown out, right? Well, if you're okay with the declaratory judgment on an individual basis with a reservation, whether it should be certified as a class. I would say that you would not be the first judge to think about that idea. And that's what happened with the 10th circuit. You wouldn't object to that. Well, I mean, my view is that I'm personally your client. So I understand what you're saying. Uh, well certainly as to Byler, it's a non-issue, uh, and it doesn't apply to Byler for that. But let's, let's talk about the other bill. Yeah. Well, certainly if you're talking about an individualized remand to declare rights for individuals, that, that is something that is more supported in the law. How would we have the jurisdiction to do anything on a class basis at this point? Anything we do would be for an individual, right? Well, if it would be especially helpful if you declared it that way. Well, okay. Thank you for your advice. What about the, I don't see why you could, why the other fellow couldn't sue and say your theory of subsequent, whatever it is, is also not valid. And I want a judgment on that. I don't see why we couldn't do that as well. Well, I mean, again, outside the record, I mean, what you're, what you will find out if this case is remanded is that Mr. Byler's claim has been paid in full. There is no issue with Mr. Byler. No, we don't have that in the record. I understand that. You all can file a motion for mootness, I suppose. That's right. But apart from what it's in the appellate record, here's somebody who says I'm being charged excessively. And I don't think I have to pay because later on, I filed this document which just said charges and didn't say how much. Yeah, well, I'm... You can get a judgment. I thought that's what judgments were all about. Where I have a problem with it, I'm being charged excessively. So then you're asking the court to determine what is the appropriate rate. And that's clearly ADA preempted. What happened in the Scarlet case is that there was a remand to the district court where they're individually determining, is there a contract for that particular plaintiff? Is there an express contract? Is there implied, in fact, contract? That's what happened in the case in Colorado. You wouldn't mind, your client wouldn't mind that either. Well, I'm saying... As long as we didn't use class language. Yes, among the choices, that is a more palatable choice than a nationwide class-related declaration of whether there are contracts. That's a non-starter and that's how this case is played. Okay, thank you. So I think I've covered the issues. And just to go back to the issue about pleading standard. And so what we have in this particular case, the only thing that the plaintiff has said about the plaintiff's on-the-scene expectations is in paragraph 58 of the First Amendment complaint, it says, to the extent plaintiffs at the time of contracting had any understanding concerning defendant's price, they understood that defendants would charge a reasonable price. Well, that's not really a factual allegation at all. It's a hypothetical allegation. And that is simply insufficient. That just is speculative. That's insufficient. And so it's on everything that I have outlined in terms of what's been alleged. It's clear that the facts in this case do not support the notion that there's a the Woolens exception where there is an express or implied agreement for the parties to agree to a certain price. And all the plaintiffs have to hang their hat on here, suggesting that because the rates were not specified in the example of Air Methods, somehow that means that Air Methods has agreed to accept a state-imposed rate. And there's no actual foundation for that. And so the district court was correct in reviewing these facts, in reviewing the lack of facts to conclude that there cannot be under the pleading standards, both under the federal law and the state law, there cannot be a sufficiently pled claim for breach of implied, in fact, contract. So that applies to both of these plaintiffs. I'm happy to answer any other questions. It might be different. Just like you say, we don't want to hold something that's beyond the facts of this case. It might be different if he was conscious and he nodded. The problem is, so yes, it's true to an extent. You would have a consent to treatment, but that doesn't necessarily carry forward to an extent that you have an agreement about a reasonable price. There's no discussion about price when the patient nods their head. Whether an implied contract needs to have a price component. Well, you have to, first you have to have an agreement and you have to have. I said we would have to, if we agreed with you on this part of the case, we'd have to be very clear that we're not talking about cases where there might be an allegation, for instance, that the person was conscious. Right. Well, you also, just because a patient's conscious doesn't mean. I'm not saying we would have to decide that. I would have to say that's not the case before us. Right. There's been no allegations, so we can't say anything about that. That's right. That's right. But just to make the hypothetical point, just because you have a patient who might be conscious doesn't mean that the parties have agreed that a reasonable price term will apply. You have to have an agreement that there's going to be a reasonable price term. You have to have at least that. You might have to have more.  Absolutely. You have to have more. Okay. Now, jumping ahead to the, I think I've, I think I've ended up making my point about the DEC action, except to say several courts, both the Eighth Circuit and the Eighth Circuit in the Farrell case, have made a good point about waiting for another day for declaring rights. And you also saw that in the Stout case in Florida, where the courts have said that within the discretion of the court to decide whether or not to construe the party's rights. Court doesn't have to do that. Issue is not directly before the court as to whether or not we have a right to payment. It's when we sue the patient. And so here, this judge applied appropriate factors and decided that he did not believe it was appropriate to exercise his discretion to declare those rights. And, and there's nothing in the record suggests that he did not properly consider all of the factors in exercising that discretion. And if you look at the case law, I mentioned the Stout case, the Farrell case, the district court case in Colorado, all of those judges said this issue was not before the court. And so therefore... Counselor, let me ask you this. You cited state court cases from all over the country, and we're attempting here to follow Ohio law. And even if you can't find in-air ambulance contractual cases under Ohio law, seems like you would go to other Ohio cases having to do with such things as implied impact contracts. I don't know if we, why should we be following all these, taking guidance from all these state court cases you have in your brief from states other than Ohio? Judge, it's a good point. Let me just say that we are citing other federal court cases, but they do apply state law. We've also applied several other Ohio cases applying Ohio law, but not air ambulance cases. And so we have air ambulance cases in other states, but we've cited several cases, you know, based on Ohio law about the requirements for an implied impact agreement. All right, I'm afraid, I'm afraid you're out of time, Counsel. Okay, thank you. Thank you very much. Any rebuttal? Yes, Your Honor. May I begin? Yes, please. So I first wanted to mention to the court that I think all of the conversation in Mr. King's argument about facts outside the record underscores that preemption and dismissal is not appropriate at this stage of the litigation. And two courts have already determined this. One in South Carolina and then the Northern District of Ohio in medical mutual versus air evac. And the Northern District in that case said that they were unwilling to dismiss a case on a motion for judgment on the pleadings because the record wasn't developed enough to determine whether there was an implied impact contract. I think the same should apply here. There are a lot of questions about the record. Mr. King has inserted certain facts that aren't in the record to support his position. All of that I think invites the court to follow the Northern District of Ohio mutual case and finding that dismissal in this instance was premature and that allowing discovery to move forward and the record to develop and then reassessing these issues on a motion for summary judgment is actually more appropriate. Further... Is this case moot with respect to one of the clients? No, your honor. He says the money's already been paid, right? Does he want the money back? Is that the idea? Yes, to the extent that he would charge an unreasonable rate. And I also want to note that an unreasonable rate, well, whatever a reasonable rate is, is a factual determination to be determined through discovery. The fact that the plaintiffs in this case have not alleged a definite price term does not mean that they didn't allege a valid implied impact contract. And it also does not mean that the case is preempted. A number of courts... I guess I was just asking, or maybe you've moved on. You're done answering the mootness question. Sure, and I can expound on it, your honor. No, I just want to make sure it's not moot because they want their money back. Is that the answer? Yes, Mr. Byler's alleging... That's the answer, that's fine, thank you. Yes, and with respect to Mr. Reed, he has not signed the assignment of benefits. No, that's clear, yeah. Right, and he's seeking declaratory judgment, which plaintiffs or appellants contend here is appropriate because there is a controversy in front of the court. The district court did not appropriately analyze or really did analyze any of the factors enumerated in Grand Trunk, which the Sixth Circuit has stated... He has, pardon me to interrupt, just for clarity. He has been done, but he hasn't been sued. Is that correct? He has been billed, but he has not been sued, yes. So he received the services. And to give some more detail on how the billing practices worked, what happens is after Air Methods bills the patient, they send them an assignment of benefits, which we attach to the amended complaint. And it's important because, as Mr. King acknowledged, it doesn't set forth the specific price. What it says to these patients, and I think it's fair to say that not all of us or not all of the class members are reading all of these legal terms and understanding that. I think that will become clear in discovery. But what it's saying is that in order to have your insurance bill, you have to sign this assignment of benefits. But then at the very end, it goes on to say that if your insurance doesn't pay the full amount or any amount, then you agree to pay whatever the full amount Air Methods unilaterally decides. And I will also say that I know Mr. King mentioned that this is subject to market forces. I think if discovery is allowed to develop, it will become quite clear that there aren't a lot of market forces in play controlling the price here. So... Am I correct that the issue before us is just asking these two plaintiffs? We're not dealing with whether a class should be certified, is that correct? Correct. The case was dismissed just on these two plaintiffs. The court determined there was not an implied-in-fact contract, which appellants contend was not the appropriate analysis under the applicable legal and factual allegations. And with respect to declaratory judgment, the district court entered into very little analysis, if at all, and ultimately determines that it wasn't exercising its authority or jurisdiction because plaintiffs had not, or defendants rather, had not countersued. But plaintiffs contend that this declaratory judgment is appropriate and is really the only appropriate remedy at this moment for Mr. Reed. And because of that, we request that the case be reversed and remanded to the district court. Thank you. Thank you very much. The case is submitted.